**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF FLORIDA**

**ORLANDO DIVISION**

EMILY HOY, on her own behalf and other
similarly situated,

                              **Plaintiff,**

-vs-                                  **Case No. 6:10-cv-1800-Orl-28JGG**

AMERICAN COACH LINES OF
ORLANDO,

                              **Defendant.**

_____

# REPORT AND RECOMMENDATION

## TO THE UNITED STATES DISTRICT COURT:

    This cause came on for consideration without oral argument on the following motions:

| | |
|---|---|
| **MOTION:** | **JOINT AGREED MOTION AND STIPULATION FOR CONDITIONAL CERTIFICATION OF AN FLSA COLLECTIVE ACTION (Doc. No. 32)** |
| **FILED:** | **August 15, 2011** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED.**

| | |
|---|---|
| **MOTION:** | **JOINT MOTION TO EXTEND DEADLINES CONTAINED IN CASE MANAGEMENT AND SCHEDULING ORDER (Doc. No. 41)** |
| **FILED:** | **October 15, 2011** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED.**

# I.     BACKGROUND.

On December 3, 2010, Emily Hoy (the "Plaintiff") filed a "collective action" complaint (the "Complaint") on behalf of herself and others similarly situated alleging that American Coach Lines of Orlando, Inc. (the "Defendant") failed to pay her and other similarly situated employees overtime wages in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 216(b) ("FLSA").  Doc. No. 1.  In the Compliant, Plaintiff states that "[t]he additional persons who may become [Opt-In] Plaintiffs . . . are current and former intrastate bus drivers of Defendant who . . . did not receive time and a half of their regular rate of pay for all of their overtime hours worked."  Doc. No. 1 at 2.  Since the Complaint was filed, nine other individuals have filed notices of consent to join the action as opt-in plaintiffs.  *See* Doc. Nos. 8, 11, 24, 33-34, 40.

On August 15, 2011, the parties filed a Joint Agreed Motion and Stipulation for Conditional Certification of an FLSA Collective Action (the "Motion").  Doc. No. 32.  The Motion simply states:

> The [p]arties agree and stipulate that the Court should conditionally certify the following class:
>
> ALL DRIVERS EMPLOYED BY [DEFENDANT] WHO BETWEEN AUGUST 2008 AND THE PRESENT WERE ASSIGNED TO "VISTA WAY" ROUTES AND WHO WORKED IN EXCESS OF FORTY (40) HOURS PER WEEK WHILE ASSIGNED TO A "VISTA WAY" ROUTE.

Doc. No. 32 at 1-2.  The parties attach an agreed Notification to Potential Class Members Form and an agreed upon Consent to Join Form for the Court's approval.  Doc. Nos. 32 at 2; 32-1 at 1-3; 32-2 at 1.  The Motion does not contain an affidavit or other evidence claiming that there are other similarly

situated potential plaintiffs.  Doc. No. 32.[1]  The parties request that the Court enter an order conditionally certifying this case as a collective action.  *Id*. at 2.  The parties also attach a proposed order to the Motion.  Doc. No. 32-3.

In the Plaintiff's Answers to Court's Interrogatories, she states that she was a "Bus Driver" and "her primary duties have included: transporting workers from the Vista Way Resort to the Park where they work."  Doc. No. 16 at 3.  Plaintiff states that the potential plaintiffs include "Defendant's current and former non-exempt, intrastate drivers who have worked in excess of Forty (40) hours per week between December 2007 and the present without being compensated [for overtime wages]."  Doc. No. 16 at 4-5.  The seven current opt-in plaintiffs who have filed Answers to Court's Interrogatories all state therein that they are employed or have been employed as Bus Drivers for Defendant and their "primary duties have included: [t]ransporting workers from Vista Way Resort to the Disney Park where they work."  Doc. Nos. 17 at 3; 18 at 3; 19 at 3; 35 at 3; 36 at 3; 38 at 3; 39 at 3.  All current opt-in plaintiffs claim that they were not paid overtime wages.  *Id*.

On October 24, 2011, the parties also filed a Joint Motion to Extend Deadlines Contained in Case Management and Scheduling Order (the "Motion to Extend Time").  Doc. No. 41.  In the Motion to Extend Time, the parties request that the Court extend all deadlines set forth in the current Case Management and Scheduling Order (Doc. No. 28) in order to account for the time that will be expended due to the collective action certification and notice to potential opt-in plaintiffs.  Doc. No. 41 at 2-3.

---

[1] The Motion also fails to contain a memorandum of law.  Doc. No. 32.

## II.    **THE LAW.**

An FLSA action "may be maintained against any employer . . . by any one or more employees for and in behalf of himself or themselves and other employees **similarly situated**." 29 U.S.C. § 216(b) (emphasis added). "The purpose of such a collective action is 'to avoid multiple lawsuits where numerous employees have allegedly been harmed by a claimed violation or violations of the FLSA by a particular employer.'" *Soto v. Recycle Technologies International, Inc.*, 2011 WL 2910498 at *1 (M.D. Fla. Jul. 19, 2011) (quoting *Prickett v. Dekalb County*, 349 F.3d 1294, 1297 (11th Cir. 2003)). In order to maintain a collective action under § 216(b), the named plaintiff must establish that the potential plaintiffs are "similarly situated" employees. *Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1217 (11th Cir. 2001); *Dybach v. State of Fla. Dept. of Corr.*, 942 F.2d 1562, 1567 - 68 (11th Cir. 1991).

Plaintiff thus bears the burden of demonstrating that the other employees are "similarly situated." This burden is less stringent than that for joinder or for certification of a class action under Federal Rules of Civil Procedure 20(a) or 23, respectively. *Grayson v. K-Mart Corp.*, 79 F.3d 1086, 1096 (11th Cir. 1996).[2] Plaintiff need only demonstrate that his or her position is "similar, not identical" to the positions held by the potential plaintiffs. *Id.* While a plaintiff's burden is not

---

[2] The Eleventh Circuit has delineated several reasons why the "similarly situated" requirement under § 216(b) is considerably less stringent than the class action requirements under Federal Rule of Civil Procedure 23. *See, e.g., Cameron-Grant v. Maxim Healthcare Serv., Inc.*, 347 F.3d 1240, 1249 (11th Cir. 2003). First, under § 216(b), even if a plaintiff can demonstrate that the potential plaintiffs are "similarly situated" employees, the plaintiff has no independent right to represent such individuals. *See id.* at 1249. Instead, the potential plaintiffs must file with the district court written consent to become a party plaintiff. 29 U.S.C. § 216(b). Thus, unlike most Rule 23 class actions, a § 216(b) action does not become a collective action unless another plaintiff affirmatively chooses to opt into the class. *See Cameron-Grant*, 347 F.3d at 1249. "[I]n contrast, to Rule 23 class actions, the existence of a collective action under § 216(b) does depend on the active participation of other plaintiffs." *Id.* The difference between Rule 23 class actions and § 216(b) collective actions is therefore a "fundamental, irreconcilable difference[.]" *Id.*

particularly strict, "unsupported allegations that FLSA violations were widespread and that additional plaintiffs" exist are insufficient to establish that similarly situated employees exist. *Haynes v. Singer, Co., Inc.,* 696 F.2d 884, 887 (11th Cir. 1983). A named plaintiff must demonstrate that there are other employees who desire to "opt-in" and who are "similarly situated" before the Court will grant a motion to certify a collective action. *Dybach v. Fla. Dep't of Corr.*, 1562, 1567 (11th Cir. 1991). Certification of a collective action and notice to a potential class is not appropriate to determine whether there, in fact, are others who desire to join the lawsuit. *See Mackenzie v. Kindred Hosps. East, LLC*, 276 F.Supp.2d 1211, 1220 (M.D. Fla. 2003) (denying motion to certify collective action where plaintiff failed to come forth with any evidence demonstrating that there were other similarly situated individuals who desired to opt-in).

The United States Court of Appeals for the Eleventh Circuit has "suggest[ed]" that district courts use a "two-tiered approach to certification of § 216(b) opt-in classes." *Hipp*, 252 F.3d at 1218-19 (11th Cir. 2001). Under this approach, the first tier is the "notice stage," in which the district court determines whether to grant "conditional certification" of a representative collective action under the FLSA. *Id.* at 1218. The Eleventh Circuit stated:

> At the notice stage, the district court makes a decision – usually based only on the pleadings and any affidavits which have been submitted – whether notice of the action should be given to potential [plaintiffs]. Because the court has minimal evidence, this determination is made using a fairly lenient standard, and typically results in 'conditional certification' of a representative class.

*Hipp*, 252 F.3d at 1218. When the district court grants conditional certification, potential plaintiffs receive notice and the opportunity to "opt-in." Under the Eleventh Circuit's recommended approach, the case thus proceeds as a collective action through the close of discovery. *Id.* After the completion

of discovery, the defendant may initiate the "second tier" by filing a motion for "decertification." *Id.* At this second stage, the district court makes a factual determination as to whether the claimants are "similarly situated." *Id.* If the claimants are not similarly situated, the district court "decertifies" the group; the opt-in plaintiffs are then dismissed without prejudice; and the original "representative" plaintiff continues to trial (or otherwise) on his or her original claim. *Id.*

According to the Eleventh Circuit, the two-tiered approach is an "effective tool for district courts to use in managing these often complex cases, and we suggest that district courts in this circuit adopt it in future cases." *Id.* at 1219. The Eleventh Circuit notes, however, that "[n]othing in [the Eleventh Circuit] precedent . . . requires district courts to utilize this approach." *Id.* Indeed, the decision to create an opt-in collective action under § 216(b) remains "soundly within the discretion of the district court." *Id.*

## III.  ANALYSIS.

In this case, the Motion seeks conditional certification of an unidentified group of potential plaintiffs under § 216(b) at the "notice stage." Docket No. 32. Other than mentioning those individuals who have already filed opt-in notices, the Motions fails to allege or provide any evidence tending to show that there are other similar situated individuals who desire to opt-in as plaintiffs. Doc. No. 32. However, the Defendant does not oppose the Motion, and the current opt-in notices demonstrate that there are at least eight individual who are similarly situated and desire to be opt-in plaintiffs. *See* Doc. Nos. 17 at 3; 18 at 3; 19 at 3; 35 at 3; 36 at 3; 38 at 3; 39 at 3. Accordingly,  it is recommended that the Court:

1.      **GRANT** the Motion (Doc. No. 32);

2.      Enter the proposed order (Doc. No. 32-3) attached to the Motion;

3.      **GRANT** the Motion to Extend Time (Doc. No. 41); and

4.      Enter an amended case management and scheduling order as set forth in the Motion to Extend Time (Doc. No. 41).

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days for the date of its filing shall bar an aggrieved party for attacking the factual findings on appeal. If the parties have no objection to the undersigned's Report and Recommendation, they may immediately file a joint notice of no objection.

**DONE** and **ORDERED** in Orlando, Florida on November 2, 2011.


GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE


Copies furnished to:

Counsel of Record
Unrepresented Parties